UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>SUSAN PERRY,<br><br>Respondent. | Case No. 17-cv-07309-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Darryl Keith Phillips seeks federal habeas relief from his state convictions for elder abuse and other crimes on grounds he received ineffective assistance of counsel and the prosecutor attempted to kidnap and kill the victim. None of his claims has merit. The petition is DENIED.

## BACKGROUND

In 2010, Phillips "began a relationship with retired schoolteacher Janice Lacy, then isolated her from her family, took control of her financial affairs, and failed to ensure she received medical treatment for her diabetes." (Ans., State Appellate Decision, Dkt. No. 15-11 at 3.)[1] After three years of living with Phillips, Lacy "was found in a profoundly

---

[1] *People v. Phillips*, No. A142990, 2016 WL 4366771 (Cal. Ct. App. Aug. 16, 2016).

demented mental state and suffering from life-threatening high blood sugar." (*Id.*) In October 2013, police arrested Phillips at Lacy's house, while paramedics assessed, treated, and transported her to the hospital. (*Id.* at 9.)

In 2014, Phillips was convicted by a San Mateo County Superior Court jury of elder abuse, falsifying a document to be used in evidence, and misdemeanor obstruction of an officer in the course of her duties. (*Id.* at 11.) The document Phillips falsified was a power of attorney form he prepared and later invoked "to support his claim to speak on Janice's behalf." (*Id.* at 17.)

The jury also found that Phillips had prior convictions. (*Id.* at 11.) A sentence of nine years and four months was imposed. (*Id.*) Phillips's efforts to overturn his conviction in state court were unsuccessful, except that the state appellate court corrected "a conceded error in the calculation of Phillips's presentence custody credits." *People v. Phillips*, No. A142990, 2016 WL 4366771 at *1 (Cal. Ct. App. Aug. 16, 2016). This federal habeas petition followed.

As grounds for federal habeas relief, Phillips alleges (i) the prosecutor conspired with a police officer and a paramedic to kidnap and kill the victim; (ii) the state appellate court failed to address his claims; (iii) the trial court falsified a probable cause declaration; (iv) the prosecutor committed misconduct; and (v) defense counsel rendered ineffective assistance.[2]

These claims were not raised on direct appeal, but rather were presented to the state courts collaterally, by way of habeas petitions, all of which were summarily denied. When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state court decision is objectively reasonable. *Delgado v. Lewis*, 223 F.3d

---

[2] At initial screening, the Court dismissed all bail-related claims raised in the petition. "Claim 1, and all claims related to Phillips's bail, are DISMISSED. The custody imposed by the state court's bail order was rendered moot by Phillips's criminal convictions and sentence. He can now challenge only the custody resulting from his convictions. *See* 28 U.S.C. § 2254(a)." (Order to Show Cause, Dkt. No. 8 at 2.)

2

976, 982 (9th Cir. 2000). This "[i]ndependent review is not a de novo review of the constitutional issue, but rather, the only method by which [a federal court] can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Rather than filing a traverse, Phillips has filed a motion for the appointment of counsel. (Dkt. No. 22.)

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at

3

413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

**DISCUSSION**

**i.     Conspiracy to Kill the Victim**

Phillips alleges that the prosecutor, a police officer, and a paramedic conspired to kidnap and murder the victim. (Pet., Dkt. No. 1 at 7.) This is how he interprets a paramedic testing Lacy's blood sugar in response to a police request to do so, and taking her to the hospital.[3] According to Phillips, there was no need for Lacy to go to the hospital "until the prosecutor & police tried to kill her." (*Id.* at 9.) To Phillips, "[t]his was an attempted murder and kidnapping to falsify a jury trial against petitioner." (*Id.*)

This claim is nonsensical. It would require that before charges were filed, the prosecutor knew he would be the one to bring Phillips to trial. And it would require that the prosecutor conspire with paramedics and a police officer to kill Lacy in the hope that this would frame Phillips and secure a conviction. There no evidence to support this assertion. It could not have occurred unless the prosecutor had perfect knowledge of the future, conspired in advance with the paramedic and police officer, and then arranged to have them be the persons on call the day Phillips was arrested and Lacy was treated.

Also, Phillips has not shown how any of this entitles him to habeas relief. Phillips was charged with elder abuse, not with murder. The purported conspiracy to kidnap and kill Lacy would not "falsify a jury trial" against Phillips for elder abuse—the two are not connected in any plausible way.

---

[3] The record shows the following. During their investigation at the scene, the police found out that Lacy was a diabetic. When she appeared confused in response to their questions, the police asked a paramedic to test her blood sugar, which was done by inserting a needle into her arm. (Ans., State Appellate Opinion, Dkt. No. 15-11 at 8-9.)

4

Phillips also asserts that the jury never heard about the alleged conspiracy. (Pet., Dkt. No. 1 at 9.) The record flatly contradicts him. The jury heard an audio recording of the events, read a transcript of the audio recording, and was made aware of Phillips's belief that there was a kidnapping. (Ans., Dkt. No. 15-4 at 8ff; 46.)

Upon an independent review of the record, I conclude that the state court's rejection of this claim was not objectively unreasonable and is therefore entitled to AEDPA deference. The claim is DENIED.

### ii. Appellate Court's Decision

Phillips contends the state appellate court "failed to address the issues" contained in the numerous state habeas petitions he filed from January 2014 through March 2017. (Pet., Dkt. No. 1 at 7.) That is how Phillips interprets the summary denials the state appellate court issued in response to his petitions.

I do not interpret the state appellate court decisions the same way. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Accordingly, I presume that the state courts addressed all claims; nothing in the record indicates that the presumption should be rebutted.

Moreover, even if Phillips's contention was accurate, it would not form the basis for federal habeas relief. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("petitioner's assertions of error in the state post-conviction proceeding do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief.")

Upon an independent review of the record, I conclude that the state court's rejection of this claim was not objectively unreasonable and is therefore entitled to AEDPA deference. The claim is DENIED.

### iii. Probable Cause Declaration

Phillips contends the trial court judge "forged" his own signature — or that of another judge — on a "probable cause declaration." (Pet., Dkt. No. 1 at 10-11.) The facts

5

do not support that theory.

During a pretrial suppression hearing before Judge Leland Davis in the San Mateo Superior Court, Phillips said that a "probable cause declaration" was not signed by a judge. (Ans., Reporter's Transcript, Dkt. No. 15-5 at 159-160.) According to Phillips, officers had no authority to search Lacy's house because the declaration was not signed. (*Id.* at 160.)

Phillips misunderstood the nature of the document. Judge Davis explained to him, "Well, sir, the probable cause declaration is not an item that has anything to do with probable cause to search. That declaration refers to whether or not there is probable cause to arrest you." (*Id.*) Phillips then contended there was no probable cause to arrest him because the document was unsigned. (*Id.*) The court corrected him. "Okay. Just so you know, Mr. Phillips, the probable cause declarations, the police officer, police department retains a copy, the original goes to a judge to sign and it does not go back to the police report. So it is not unusual that the police department would not have a signed copy of that declaration." (*Id.* at 160-161.)

Phillips asked for a signed copy and one was obtained. (*Id.* at 161, 165-167.) He then said the document was invalid because the signature (by Judge Karesh) post-dated the arrest. (*Id.* at 167.) The court offered an explanation:

> The probable cause declaration is written after your arrest and the whole purpose of that is to make sure that you — that there is probable cause to keep you in the event that you don't get to court within 48 hours. That's the whole purpose of that probable cause declaration. A judge has to review it, and make sure that you're not being kept in custody if there is no probable cause to keep you. That's the whole purpose of it. So it is not going to be signed before you get arrested.

(*Id.*)

Despite the court's explanations, Phillips alleges in his federal petition that Judge Davis "had his clerk call Judge Kare[ ]sh to forge his signature" on the declaration. (Pet., Dkt. No. 1 at 11.)

This claim lacks merit. Phillips's contention shows that he does not understand

either the nature of the document or why his particular copy lacked a judge's signature. There is no evidence to support his allegation of forgery. And even if his contention was true, habeas relief would not be warranted. The pretrial custody resulting from his arrest was rendered moot by his subsequent criminal convictions. The only custody Phillips can challenge is the custody that resulted from the judgment of the state court entered pursuant to the jury's verdict. *See* 28 U.S.C. § 2254(a).

Upon an independent review of the record, the Court concludes that the state court's rejection of this claim was not objectively unreasonable and is therefore entitled to AEDPA deference. The claim is DENIED.

### iv. Prosecutorial Misconduct Claim

Phillips contends the prosecutor filed false charges. What he means by this, it appears, is that there was not sufficient evidence to support the verdict for elder abuse and for falsifying a document. (Pet., Dkt. No. 1 at 11-12.)

Phillips's initial argument is that the elder abuse conviction was based on his failure to give Lacy her medication. (*Id.* at 11.) This is an impermissible legal basis according to petitioner because the power of attorney states that he is not authorized to give Lacy her medication. (*Id.*)

This contention is meritless. The power of attorney is invalid. It was forged by Phillips, who was convicted of falsifying the document. Because it was not a valid document, Phillips cannot rely on it to escape liability for elder abuse.

He next contends that he could not have falsified a document within the meaning of the statute because there was "no case pending at the time this document was made." (Pet., Dkt. No. 1 at 11.) But the statute under which he was convicted, Cal. Penal Code § 134 ("Preparing false documentary evidence"), has no such requirement.[4] It requires only the person prepared the document "with the intent to produce it . . . for any fraudulent or

---

[4] "Every person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony." Cal. Penal Code § 134.

7

1 deceitful purpose upon any trial, proceeding or inquiry, whatever." The state appellate
2 court rejected Phillips's contention that "proceeding or inquiry" in § 134 refers to a trial or
3 other official proceeding, and not to police investigations. "In our view, a police
4 investigation is self-evidently a legally authorized inquiry covered by the statute." (Ans.,
5 State Appellate Opinion, Dkt. No. 15-11 at 16.)

His final contention is that the alleged elder abuse was the attempted murder and kidnapping of Lacy as organized by the prosecutor. As noted above, the murder and kidnapping allegations are absurd and cannot form the basis for habeas relief.

None of this amounts to a proper challenge to the sufficiency of the evidence. The state appellate court reasonably determined that "the elder abuse allegation is supported by substantial evidence." (Ans., Dkt. No. 15-11 at 15.) The elder abuse statute (Cal. Penal Code § 368) "may be applied to a wide range of abusive situations" the elder is placed in by a person "having the care or custody of any elder or dependent adult." (*Id.* at 12-13.) The court cited Phillips's admissions that he had care or custody over Lacy and had separated her from her family, and that "he could be held criminally liable for failing to ensure that Janice, who could no longer make her own health care decisions, obtained medical attention to assess the cause of her severe mental and physical deterioration." (*Id.* at 15.)

The state appellate court also reasonably rejected his challenge to the conviction for falsifying a document. "The form created by Phillips in October 2013 was false because the document falsely represented that Janice had knowingly and voluntarily granted Phillips power of attorney over her affairs at a time when she did not have the mental capacity to do so." (*Id.* at 17.)

When reviewing a state court's conviction for sufficiency of the evidence, a federal court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the

writ be granted. *Id.* at 324. "[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). In addition to this highly deferential standard, a federal court must accord "considerable deference" to a state court's determination that there was sufficient evidence under *Jackson*. *Id.*

Upon an independent review of the record, the Court concludes that the state court's rejection of this claim was not objectively unreasonable and is therefore entitled to AEDPA deference. The claim is DENIED.

### v. Assistance of Counsel

Phillips contends defense counsel rendered ineffective assistance by (a) conspiring against him because he knew of the plot to kill and kidnap Lacy; (b) announcing to the jury during jury impaneling and in his opening statement that Phillips was guilty; (c) failing to produce medical and other records showing Phillips had not deprived Lacy of medical care; (d) failing to raise the contention that the arresting officer filed a false report; (e) failing to object to sentencing errors; and (f) failing to object to the trial court's imposition of a restraining order.[5] He also contends (g) appellate counsel rendered ineffective assistance by failing to raise a claim regarding the sentencing errors.

In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish that (1) counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984), and (2) he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a

---

[5] Phillips represented himself until jury selection, at which time his pro se status was revoked because of his disruptive behavior. (Ans., Clerk's Transcript, Dkt. No. 15-3 at 73.) His stand-by counsel was then appointed as counsel. (*Id.* at 74.)

9

reasonable doubt respecting guilt." *Id.* at 695. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (citing Strickland, 466 U.S. at 693).

The standards of 28 U.S.C. § 2254(d) and Strickland are "highly deferential . . . and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation marks and citations omitted). "The question [under § 2254(d)] is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.*

Habeas relief is not warranted here. There is no evidence to support the contention (a) that counsel conspired against Phillips. Nor is there any evidence (b) that counsel announced to the jury that he was guilty. Phillips provides no citation to the record.[6] There is also no evidence (c) that counsel failed to produce medical records in support of his client. Phillips cites no records that counsel could have utilized, nor what those records say.

Phillips contends (d) that an officer, Byars, falsified an arrest report. He believes that the report is false because it is dated October 4, 2013, but he was not arrested until the next day, October 5. Phillips's claim is based on a faulty understanding of the record. The document is not an arrest report, but rather a felony report. Byars explained at trial that the date of the report memorialized that she began her criminal investigation on October 4, not that Phillips had been arrested on that day: "When we start a case and start an incident, we actually have to go back and enter the information into what's called a report writing system. And the day we enter the information into our report writing system is the date that is automatically generated at the bottom of the page…. I was investigating the fact that you might be committing those charges." (Ans., Reporter's Transcript, Dkt. No. 15-5 at 128:6-11,16-18.) Because the document was not, and did not purport to be, an

---

[6] At sentencing, Phillips said counsel told the jury during his opening statement that Phillips was guilty. "No, he didn't," the court responded. (Ans., Reporter's Transcript, Dkt. No. 15-7 at 1190.)

10

arrest report, Phillip's contention that it was false lacks merit.

Because the report was not false, defense counsel cannot have rendered ineffective assistance by failing to object to it or raise the issue of falsity to the jury or court. It is both reasonable and not prejudicial for defense counsel to forgo a meritless objection. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

Phillips's sentencing error claims lack merit. His first contention is that he was "sentenced on count 2 as a strike when the strike had been stri[c]ken." (Pet., Dkt. No. 1 at 14.) This claim garbles the facts. Count 2 was not struck. In fact, he was convicted of the crime giving rise to that charge, i.e., preparing false evidence. Petitioner may be referring to the fact that the sentencing court concluded that he had three prior convictions ("strikes") but struck two of the strikes before arriving at the final sentence. (Ans., Clerk's Transcript, Dkt. No. 15-3 at 260.) Because Phillips has not shown a factual basis for his claim, his allegation that counsel was ineffective for failing to object necessarily fails.

His second sentencing claim is that "consecutive sentences cannot apply" because the charges were false. (Pet., Dkt. No. 1 at 15.) But Phillips has provided no support for his assertion that the charges were false and has not shown any other basis for an objection by counsel. Moreover, "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Because Phillips has shown no basis for an objection by counsel, he has not shown counsel rendered ineffective assistance.

As Phillips's claim that trial counsel was ineffective fails, his claim that appellate counsel rendered ineffective assistance by failing to raise the claims that trial counsel should have raised necessarily fails.

Phillips also claims that his trial counsel failed to object to the court's imposition of a restraining order. (Pet., Dkt. No. 1 at 16.) Even if counsel was ineffective, this would not entitle petitioner to habeas relief. The imposition of a restraining order does not affect the validity of Phillips's conviction or the duration of his sentence. *See Badea v. Cox*, 931

11

1 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging
2 legality or duration of confinement).

3 Upon an independent review of the record, the Court concludes that the state court's rejection of this claim was not objectively unreasonable and is therefore entitled to AEDPA deference. The claim is DENIED.

## CONCLUSION

The state court's adjudication of Phillips's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Phillips may seek a certificate of appealability from the Ninth Circuit.

Phillips's motion for the appointment of counsel, which he filed instead of a traverse, is DENIED. (Dkt. No. 22.) This case does not present factually or legally complex issues, nor are there exceptional circumstances warranting the appointment of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 25, 2019

_____
WILLIAM H. ORRICK
United States District Judge